AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| CONSTANTIN BOBI SANDU (1) aka Constantin Sandu, Bobi Sandu, Ionut Mihai | Case Number:  3:23-CR-00386-LAB |
| | Joseph Thomas Hitrec |
| | Defendant's Attorney |

**USM Number**  08540-506

☐  –

**THE DEFENDANT:**

☒  pleaded guilty to count(s)  2 and 3 of the Superseding Information

☐  was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1349 - Conspiracy To Commit Wire Fraud;   18:981(a)(1)(C), 982(a)(1); 28:2461(c)- Criminal Forfeiture | 2s |
| 18:1956(a)(2)(A)- Laundering Monetary Instruments;   18:981(a)(1)(C), 982(a)(1); 28:2461(c)- Criminal Forfeiture | 3s |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☒  Count(s)  REMAINING  are  dismissed on the motion of the United States.

☒  Assessment:  $200.00
   –

☐  JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine    ☒  Forfeiture pursuant to order filed  11/17/2023 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 20, 2023
Date of Imposition of Sentence

*Larry A. Burns* (signature)

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | CONSTANTIN BOBI SANDU (1) | Judgment - Page **2** of **3** |
| CASE NUMBER: | 3:23-CR-00386-LAB | |

# **IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

40 months as to each count, concurrent

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
STATE OF CALIFORNIA DESIGNATION.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By      DEPUTY UNITED STATES MARSHAL

3:23-CR-00386-LAB

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | CONSTANTIN BOBI SANDU (1) | Judgment - Page **3** of **3** |
| CASE NUMBER: | 3:23-CR-00386-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years as to each count, concurrent

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

No standard conditions of supervised release were imposed.

## SPECIAL CONDITIONS OF SUPERVISION

- Do not enter the United States illegally.

- The defendant must not commit another federal, state or local crime.

//

|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | SOUTHERN DISTRICT OF CALIFORNIA | |
| UNITED STATES OF AMERICA, | | Case No. 23-CR-0386-LAB |
| Plaintiff, | | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | | |
| CONSTANTIN BOBI SANDU,<br>aka Bobi Sandu,<br>aka Ionut Mihai,<br>aka Constantin Sandu, | | |
| Defendant. | | |

WHEREAS, in the Superseding Information the United States sought forfeiture of all right, title and interest in property of Defendant CONSTANTIN BOBI SANDU ("Defendant"), pursuant to Title 18, United States Code, 982(a)(1), as any property, real and personal, involved in the offenses and any property traceable to such property, as set forth in Counts 1 and 3 in violation of Title 18, United States Code, Section 1956(a)(2)(A), and sought forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property constituting proceeds of the offense, as set forth in Count 2 in violation of Title 18, United States Code, Section 1343.

WHEREAS, on or about July 11, 2023, Defendant pled guilty before Magistrate Judge Allison H. Goddard to Counts 2 and 3 of the Superseding Information, which included consent to the forfeiture allegations of the Superseding

Information, consent to forfeiture of all property seized in connection with the case, and consent to entry of a forfeiture money judgment in the amount of $214,950 representing the amount of proceeds Defendant personally received from the offenses set forth in the Superseding Information, which forfeiture shall be included and incorporated as part of the judgment in this case; and

WHEREAS, on August 11, 2023, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement, forfeiture addendum, and guilty pleas, the Court hereby finds that $214,950 represents the amount of proceeds Defendant personally received and obtained directly as a result of the offenses to which Defendant pled guilty, as charged in Counts 2 and 3 of the Superseding Information; and

WHEREAS, by virtue of said guilty pleas, the Court finds that the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the form of a forfeiture money judgment representing the amount of proceeds received by Defendant in the amount of $214,950, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the $214,950 forfeiture money judgment and the offenses of conviction set forth in the Superseding Information; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p) exist, and has agreed that the United States may take all actions to collect the forfeiture money judgment; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based on the guilty pleas of the Defendant to Count 2 and 3 of the Superseding Information, the United States is entitled to a forfeiture money judgment against Defendant in the amount of $214,950 pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), representing the proceeds Defendant personally received from the offenses of conviction set forth in Counts 2 and 3 of the Superseding Information, which forfeiture money judgment is in favor of the United States against Defendant CONSTANTIN BOBI SANDU, with interest to accrue thereon in accordance with Title 18, United States Code, Section 3612(f) and Title 28, United States Code, Section 1961; and

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture money judgment and collecting and enforcing it; and

3. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

4. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $214,950, with accrued interest, to satisfy the forfeiture money judgment in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

7. This order shall be incorporated and included as part of the judgment in this case when Defendant is sentenced.

DATED: 11/17/2023

*[signature: Larry A. Burns]*

Honorable Larry Alan Burns
United States District Judge